# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS CENSKE (#10929-040), ) | |
| ) | |
| Plaintiff, ) | Case No. 09 C 3651 |
| ) | |
| v. ) | Magistrate Judge Martin Ashman |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas Censke, filed suit, *pro se*, against multiple Defendants regarding his confinement at the Metropolitan Correctional Center (MCC). Plaintiff's claims regarding the conditions of his confinement were dismissed on initial review pursuant to 42 U.S.C. § 1915A. Plaintiff was allowed to proceed on his tort claims (assault and battery) against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Presently before the Court is the Defendant's motion for summary judgment. For the reasons stated in this order, Defendant's motion for summary judgment is denied.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge

the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## UNDISPUTED FACTS

Plaintiff was a pretrial detainee at the MCC in June of 2008. (Def.'s 56.1(a)(3) Statement ¶¶ 1, 3.) On June 27, 2008, an MCC staff member handed Plaintiff a broom and told him to sweep. (*Id.*, ¶ 3.) Plaintiff refused to sweep, claiming that his disability prevented him from working and further, that because he had not yet been convicted, he did not feel an order to work was lawful. (*Id.*) Because Plaintiff refused the staff member's order, he was transferred to the Special Housing Unit (SHU). (*Id.*, ¶ 4.) During the transfer, Plaintiff was handcuffed too tightly, allegedly causing injury to his wrist. (*Id.*, ¶¶ 4-5; Plaint.'s Response ¶¶ 4.) While Plaintiff was in a temporary holding location on his way to SHU, a security supervisor threatened him by saying he would "fuck him in

2

his white boy ass" while holding a tube of ointment and making hip-thrusting gestures. (Def.'s 56.1(a)(3) Statement ¶ 6.)

## ANALYSIS

Defendant's sole argument[1] is that summary judgment should be granted because Plaintiff has failed to show a physical injury as required by 42 U.S.C. ¶ 1997e(e).

Plaintiff first argues that the Prison Litigation reform Act's physical injury requirement is not applicable to his claims brought under the FTCA.

The PLRA provides, in relevant part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. ¶ 1997e(e). The plain language of the statute indicates that this provision applies to any "Federal civil action;" thus, the provision is applicable not only to constitutional torts, but also violations of federal statutes. *See e.g., Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (applying Section 1997e to claim under the RLUIPA); *United States v. Shaaban*, 602 F.3d 877, 879 (7th Cir. 2010) (PLRA applicable to federal civil equitable proceeding). Plaintiff's FTCA claims constitute a Federal civil action; thus, Section 1997e(e) applies.

However, the application of 1997e(e) to Plaintiff's claims does not mandate judgment in Defendant's favor. While Section 1997e(e) limits damages for mental and emotion injury, a prisoner may seek and be awarded other damages; *i.e.*, nominal damages[2]. *See Smith v. Peters*, 631 F.3d 418,

---

[1]Defendant has withdrawn its argument that Plaintiff failed to exhaust the issue of an injury arising from the use handcuffs.

[2]Punitive damages are not available to Plaintiff. *See* 28 U.S.C. § 2674; *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006); *Bagola v. Kindt*, 131 F.3d 632, 639 (7th Cir. 1997).

3

421 (7th Cir. 2011); *Calhoun v. DeTella*, 319 F.3d 936, 940-42 (7th Cir. 2003); *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999).

Furthermore, at least as to Plaintiff's battery claim, the parties dispute whether Plaintiff suffered a physical injury. *See* Def.'s 56.1(a)(3) Statement ¶ 10; Plaint's Response ¶ 10. In addition, even if the alleged physical injury may be determined to be *de minimis*, as argued by Defendant, Plaintiff may still recover nominal damages. *See supra*.

Based on the above, the Court finds that Section 1997e(e) of the PLRA applies to Plaintiff's FTCA claims. Furthermore, a genuine issue of material fact exists as to whether Plaintiff suffered a physical injury form the alleged battery related to the Plaintiff's handcuffing incident. Regardless, Plaintiff may seek other available damages.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [92] is denied. Plaintiff's "motion to deny or Plaintiff's response and opposition to United States motion for summary judgment" [96] constitutes Plaintiff's response to Defendant's motion for summary judgment and the Clerk is directed to term it as a pending motion.

Dated: July 25, 2011

Martin C. Ashman
United States District Court Magistrate Judge

4