# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS CENSKE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 3651 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Following a two-day bench trial in July 2013, I found in favor of the government on all counts of Mr. Censke's Federal Tort Claims Act Complaint. My decision was based in part on Mr. Censke's contrived and mendacious testimony. *See Censke v. United States*, 27 F.Supp.3d 920 (N.D.Ill. 2014); [Dkt. No. 215]. On April 3, 2014, Mr. Censke filed a motion for "Reconsideration" of the Memorandum Opinion and Findings of Fact and Conclusions of Law."Asserting that "too many [errors] exist to review," the motion insisted that the veritable profusion of errors proves rather conclusively that the judge was a fool or worse, and asked that the Memorandum Opinion be stricken in its entirety. *Censke v. United States*, 2014 WL 3741340 (N.D.Ill. 2014); [Dkt. No. 216].

Mr. Censke said he "laughed so hard upon receipt of the Apocrophyla [sic] opinion..., he had to check the calendar to make sure it wasn't April Fools, because this 'Bullshit' is a Joke. As an 'Artist in Residence,' it's Good material For my Book About Police State: 'CRAZY AS HELL!'" [Dkt. No. 216 at 1]; *Censke*, 2014 WL 3741340 at 1. (Capitalization in original). Warming to his task, Mr. Censke went on to say that "[s]o many Clerical, Factual and LEGAL ERRORS EXIST IN

this COURTS Opinion, I'd be AFRAID to WIPE my ASS WITH IT." *Id*. He concluded: "IF the Court is not HOSTILE, something is WRONG? Judges Have been known to Play with Penis Pumps under their GOWNS, etc. IT MAKES A CITIZEN WONDER WHAT MAGISTRATE COLE WAS DOING, to up to [sic] these CONCLUSIONS?" *Censke*, 2014 WL 3741340. [Dkt. No. 216]. (Capitalization in original). The government's responsive memorandum [Dkt. No. 218] was followed by the plaintiff's 12–page reply brief. [Dkt. No. 219]. The reply brief sought a new trial as "the proper remedy" for the mistakes that the motion for reconsideration claimed pervaded the Memorandum Opinion and Findings of Fact and Conclusions of Law.

Like the Motion, the Reply brief ignored the lengthy analysis of the evidence in the original Opinion and refused to come to grips with the inescapable fact that the outcome of this case was unfavorable to Mr. Censke because he was not a believable witness, and the defendants' witnesses were; his testimony was vacillating, inconsistent, and implausible; his demeanor could not have been more indicative of his mendacity; and he had been convicted of four serious felonies within the past ten years, which bore on his credibility. *Censke,* 2014 WL 1066247, *11.[1]

Mr. Censke then appealed to the Seventh Circuit. But that court dismissed his appeal on October 29, 2014 for noncompliance with Circuit Rule 3(c), which requires the filing of a Docketing

---

[1] For example the July 29, 2014 Opinion concluded:

> [Mr. Censke] insists his version of events is right even though his testimony was utterly implausible, filled with inconsistencies and persistent refusals to respond in a straightforward way to the simplest of questions when it suited his purpose to be evasive—which was almost always. At one point Mr. Censke claimed he had never been involved in a civil case even though he had represented himself in any number of civil cases arising from claimed incidents in prison. Things that were beyond debate he would not admit. And, he had four felony convictions, admissible under Rule 609, Federal Rules of Evidence. [Dkt. No. 200, Tr. 275]. By contrast, the testimony of the defense witnesses was consistent and believable. Their demeanor inspired confidence in the truthfulness of their testimony as opposed to that of Mr. Censke which inspired the opposite.

*Censke,*2014 WL 1066247, *2 *et seq*.

2

Statement within seven days of the filing of the notice of appeal. On November 17, 2014, I entered an order finding that Mr. Censke's motion to appeal *in forma pauperis* was moot in light of the Seventh Circuit's dismissal. [Dkt. No. 233].

And there the matter lay until January 19, 2016, when Mr. Censke filed a motion for relief from judgment under Rule 60(b)(6), Federal Rules of Civil Procedure, claiming he had newly discovered evidence. [Dkt. No. 236].[2] Rule 60(b)(6) authorizes relief from a judgment or order that is based on "a reason that justifies relief" other than those expressly authorized by Rule 60(b)(1)-(5).

## ANALYSIS

### A.

Federal Rule of Civil Procedure 60 regulates the procedure for obtaining relief from a final judgment. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). "'[R]elief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances.'" *In re Charles Edward Taylor, II*, 793 F.3d 814 (7th Cir. 2015). The district court has great discretion in ruling on a Rule 60(b) motion. *Wells Fargo Bank, N.A. v. Moore*, 618 Fed.Appx. 857 (7th Cir. 2015); *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir.1996).

Motions premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud, misrepresentation, or misconduct by an opposing party (Rule 60(b)(3), must be made "within a reasonable time," but in no event "more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

---

[2] This was followed on February 5, 2016 with a motion for clarification to correct the misspelling of the word "Fantasmagorical" in his January motion. [Dkt. No. 240].

3

60(c)(1). Motions for relief from judgment based on grounds specified in any other subsection of the Rule 60(b), including the "catchall" provision for "any other reason that justifies relief," (Rule 60(b)(6)) must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1). The time limitation in Rule 60(c) is jurisdictional and cannot be extended. *Arrieta*, 461 F.3d at 864. Thus, if the ground asserted for relief from a prior judgment falls within one of the enumerated grounds for relief that are subject to the one-year time limit of Rule 60(c)(1), relief under Rule 60(b)(6) is not available. *See Arrieta*, 461 F.3d at 865.

Here, plaintiff seeks relief from the prior judgment based on "newly discovered evidence." As this ground falls within the enumerated ground for relief that is subject to the one-year filing limitation – Rule 60(b)(2) -- Plaintiff cannot obtain relief from the prior judgment by pleading Rule 60(b)(6). Because he seeks relief from a March 2014 judgment, his present motion is untimely not having been brought within one year of the entry of judgment. Mr. Censke's attempt to avoid the time bar of Rule 60(c)(1) through "artful pleading" is stillborn. *Cf. Hays v. Bryan Cave, LLP*, 446 F.3d 712, 713 (7th Cir. 2006); *Pernice v City of Chicago*, 237 F.3d 783, 786 (7th Cir. 2001); *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking*, 313 F.3d 385, 389 (7th Cir. 2002). *Compare, Simpson Oil Co v. United States,* 377 U.S. 13, 24 (1964)("We refuse to let [so vital] a matter... rest on such easy manipulation.'").[3]

**B.**

Quite apart from its somewhat tentative conclusions, the May 2015 medical report does not constitute newly discovered evidence, since it did not come into existence until almost two years

---

[3] Mr. Censke is a sophisticated and experienced *pro se* litigator. *See Censke*, 27 F.Supp. 3d at 924. But even if he were not and his choice of Rule 60(b)(6) was accidental, the result is the same.

after the trial. Under Rule 60(b)(2), the "newly discovered" evidence must have been in existence at the time of the trial. *Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 213-14 (7th Cir. 1983), *citing Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962)(result of new physical examination was not "newly discovered evidence" that would permit opening the judgment).

Mr. Censke is mistaken that the May 2015 medical report makes his claim of injury at the hands of the guards at the MCC in Chicago in 2008 "highly believable and supported." [Dkt. No. 237 at 2]. The report does not suggest that whatever accounted for the test results stemmed from Mr. Censke's claimed encounter with his jailers in Chicago in 2008, or rule out the possibility that the results stemmed from some event occurring prior to the 2008 claimed encounter at the MCC or in the seven year period between that encounter and May 2015. "Hypothesis is not proof," *Louth v. McCollum,* 424 F.3d 631, 634 (7th Cir. 2005), and the Seventh Circuit "has long 'reject[ed] the idea that speculation can be employed as a substitute for proof.'" *United States v. Landry,* 257 F.2d 425, 431 (7th Cir. 1958). *See also Furry v. United States*, 712 F.3d 988, 993 (7th Cir. 2013)(FTCA case); *In re Cohen,* 507 F.3d 610, 614 (7th Cir. 2007); *United States v. Holland,* 445 F.2d 701, 793 (D.C.Cir. 1971). The law's refusal to permit judicial determinations to be based on hypothesis and speculation is also seen in Rule 60(b) jurisprudence, which requires that before a district court may grant relief under Rule 60(b)(2), the movant must demonstrate that the newly discovered evidence is admissible and credible, material and controlling and "clearly would have produced a different result if presented before the original judgment." *Rhoden v. Campbell*, 1999 WL 1206958, at *1 (6th Cir.1999); *Peacock*, 721 F.2d at 213-214. *See also Covelli v. Benson*, 258 Fed.Appx. 151 (9th Cir. 2007)*; Lech v. St. Luke's Samaritan Hospital*, 921 F.2d 714 (7th Cir. 1991). The May 2015 report

5

satisfies none of these criteria. It does not even satisfy the lesser test (if it be that) that the evidence be of such a character that on a new trial it will "probably produce a different result."*Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 736 (7th Cir.1999); *Waul v. Coughlin*, 177 F.R.D. 173, 177 (S.D.N.Y.1997).

Even assuming admissibility of the medical report at a retrial,[4] it would not be likely to change the outcome. *Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 213-14 (7th Cir. 1983). That could only occur by engaging in tendentious and impermissible speculation that no event occurred prior to Censke's claimed encounter with the guards in 2008 or between that encounter and May 2015 that could account for the test results. The 2015 report does not begin to support either conclusion. And the report does not change my conclusions about Mr. Censke's lack of credibility as a witness at trial.

Censke's current motion asserts that "[n]o doubt Censke has complained previously about Wrist pain and Custody Excessive Restraint, but until now no exam was done." [Dkt. No. 237, ¶1(a)](capital letters in original). But that statement is false and ignores the record. One of the significant points against Mr. Censke at trial was that although he had every opportunity to complain about his alleged mistreatment to numerous people, including medical staff at the MCC, some of whom he even conceded he liked, Mr. Censke never once even mentioned the mistreatment alleged in his Complaint. And, the jail and hospital records likewise contained no complaints to medical personnel about his alleged mistreatment. (Dkt. No. 200, Tr. 31, 41, 45, 47, 126, 136, 141, 143, 145–47; 346, 401, 409). The evidentiary significance of this silence was obvious. *Jenkins v.*

---

[4] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed.R.Evid. 401. In this case, the May 2015 report would at best show the existence of some sort of medical situation, but would not be of any assistance on the question of its cause.

6

*Anderson,* 447 U.S. 231, 239 (1980); *Censke*, 27 F.Supp.3d at 931; (N.D.Ill., 2014); *Censke*, 2014 WL 3741340, at *2.

When he did complain about unrelated health issues they were reflected in the records. And he could have complained to medical staff daily if he chose to do so. (Tr. 405, 410). He never did. *See Censke*, 27 F.Supp.3d at 931; *Censke*, 2014 WL 3741340, at *2. Nothing in the May 2015 report could alter in the slightest this aspect of the credibility finding.

At one point in the trial, Mr. Censke boasted that he was "quite capable of manipulating [his] position to shoot a move is what they call it in prison." (Dkt. No. 200, Tr. 267); *Censke*, 2014 WL 3741340, at *2. And that is exactly what Mr. Censke tried to do at the trial, and what he continues to do with his current motion. Styling the Motion as a Rule 60(b)(6) motion does not help Mr. Censke one bit.

The Motion For Relief From Judgment [Dkt. No. 236] is denied. The Motion for Clarification [Dkt. No. 240] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/16/16

7